UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TAREN KINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-CV-00491-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CALIFORNIA STATE AUTOMOBILE ASSOCIATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff Taren Kinney's Motion to Remand (#3[1]). Defendant Western United Insurance Company d/b/a AAA Nevada Insurance Company[2] filed an opposition (#7), and Plaintiff filed a reply (#9).

**I.     Facts and Procedural History**

This action arises out of an automobile accident and a subsequent claim for uninsured motorist coverage by an insured against her insurer. The parties agreed to settle the matter for $5,255.00; however, no payment was made after Plaintiff refused Defendant's request to execute a release. On May 11, 2011, Plaintiff filed suit in state court, alleging claims for breach of contract, bad faith, breach of the Nevada Unfair Claims Settlement Practices Act, fraud and concealment,

---

[1]Refers to the court's docket entry number.

[2]Defendant represents it is improperly named as California State Automobile Association.

intentional interference with contract, and injunctive relief. Plaintiff prays for, *inter alia*, "special, and general, and punitive damages . . . in an amount in excess of $10,000," plus pre- and pos-judgment interest, attorney's fees and costs, disgorgement of all benefits gained by Defendant resulting from asserting its demand for a release before paying benefits, including interest, and such other relief the court deems just and proper.

On July 11, 2011, Defendant removed the action on the basis of diversity jurisdiction. Plaintiff now moves to remand to state court on the basis that Defendant has failed to establish the amount in controversy exceeds $75,000. Diversity of citizenship is uncontested.

## II.    Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citation omitted).

In removed diversity cases where the plaintiff's complaint does not specify the amount of damages, or specifies damages in an amount below the jurisdictional minimum, "the removing

1  defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in
2  controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th
3  Cir. 1996); *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004).  The
4  district court "may consider facts in the removal petition, and may 'require parties to submit
5  summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"
6  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

**III.    Discussion**

Consistent with the pleading limitation of Nevada Rule of Civil Procedure 8(a), Plaintiff's state court complaint prays for compensatory and punitive damages in excess of $10,000, plus additional forms of monetary relief in unspecified amounts.  As such a prayer fails to specify a sufficient amount in controversy to support diversity jurisdiction, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *See McCaa*, 330 F. Supp. 2d at 1150; *Singer*, 116 F.3d at 375-76; *Gaus*, 980 F.2d at 566-67.  Because Nevada law does not allow a plaintiff to plead specific damages greater than $10,000, "the Court cannot find, implicit in Plaintiff's silence, support for [Defendant's] allegations as to the amount in controversy." *McCaa*, 330 F. Supp. 2d at 1150. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

To carry its burden, Defendant relies on the aforementioned forms of monetary relief sought in Plaintiff's complaint and its "belief" that "Plaintiff would likely ask for at least $75,000" if Plaintiff were to succeed on her claims.  Defendant further argues that, in addition to Plaintiff's request for special and general damages in excess of $10,000, the court should add Plaintiff's request for punitive damages, attorney's fees, and pre- and post-judgment interest on $5,255.00, producing an amount that will, more likely than not, exceed $75,000.

The court disagrees.  Punitive damages cannot be considered in addition to Plaintiff's prayer for damages "in excess of $10,000," because that prayer specifically encompasses "special, and general, and punitive damages."  Also, pre- and post-judgment interest cannot be considered, as § 1332(a) expressly requires the amount in controversy to be determined "exclusive of interest and costs."  Thus, all that remains is a general prayer for compensatory and punitive damages exceeding $10,000, plus attorney's fees and disgorgement.  As all such amounts are unspecified, it is not "'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer*, 116 F.3d at 377.  The mere possibility that unspecified punitive damages, attorney's fees or other amounts may be awarded is insufficient.  *See McCaa*, 330 F. Supp. 2d at 1149; *see also Gaus*, 980 F.2d at 567.  Nor has Defendant presented any facts in the removal petition or summary-judgment-type evidence that might establish the requisite amount in controversy.  *See Singer*, 116 F.3d at 377.  Defendant has therefore failed to carry its burden.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (#3) is GRANTED.  This action is hereby REMANDED to the Second Judicial District Court for Washoe County, Nevada.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE